UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-11665-GAO |
| ) | |
| SAGE ADVISORY GROUP, LLC and ) | |
| BENJAMIN LEE GRANT, ) | |
| ) | |
| Defendants. ) | |

## FINAL JUDGMENT

A trial in this case having begun on August 4, 2014; the jury having returned a verdict for plaintiff Securities and Exchange Commission ("the Commission") on August 13, 2014; and defendants Benjamin Lee Grant ("Grant") and Sage Advisory Group, LLC ("Sage") having consented to the entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Grant, Sage, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to: (a) employ any

device, scheme, or artifice to defraud any client or prospective client; or (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Grant, Sage and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 206(4)-7] by, directly or indirectly, failing to adopt and implement written policies and procedures reasonably designed to prevent violation, by Grant, Sage, and their supervised persons, of the Advisers Act and the rules that the Commission has adopted under the Advisers Act.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Grant, Sage, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 204A of the Advisers Act [15 U.S.C. § 80b-4A] and Rule 204A-1 thereunder [17 C.F.R. § 204A-1] by failing to establish, maintain, and enforce a written code of ethics that satisfies the requirements of Rule 204A-1.

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Grant and Sage are jointly and severally liable for disgorgement of $500,000, together with pre-judgment interest thereon in the amount of $51,038, for a total disgorgement obligation of $551,038. In addition, Grant shall pay a civil penalty in the amount of $350,000, pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Grant and Sage shall satisfy these obligations by making five installment payments according to the following schedule:

| Days after Entry of Final Judgment | Disgorgement (joint and several) | Civil Penalty (Grant only) | Total Amount Due |
|---|---|---|---|
| 10 | $110,208 | $70,000 | $180,208 |
| 90 | $110,208 | $70,000 | $180,208 |
| 180 | $110,208 | $70,000 | $180,208 |
| 270 | $110,208 | $70,000 | $180,208 |
| 360 | $110,206 | $70,000 | $180,206 |
|  | $551,038 | $350,000 | $901,038 |

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of entry of the Final Judgment. Prior to making the final payment set forth herein, Grant and Sage shall contact the staff of the Commission for the exact amount due for the final payment.

If Grant and Sage fail to make a payment by the date specified and/or in the amount specified according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Grant and Sage may make payment electronically, and the Commission will provide

ACH transfer/Fedwire instructions upon request. They may make payment directly from a bank account via Pay.gov through the Commission's website (http://www.sec.gov/about/offices/ofm.htm). They may also make payment by certified check, bank cashier's check, or United States postal money order payable to the Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK  73169

and shall be accompanied by a letter identifying the case title, the name of this Court, the civil action number, and the names of Grant and Sage as defendants in this action, and specifying that the payment is made pursuant to this Final Judgment.

When making a payment, Grant and Sage shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making a payment, Grant and Sage relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to them. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Grant and Sage under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Grant and Sage of the federal securities laws or a regulation issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: ___May 27___, 2015

/s/ George A. O'Toole, Jr.
UNITED STATES DISTRICT JUDGE